UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRENDA G. CLEVELAND** | DOCKET NO. _____ |
| **VERSUS** | JUDGE _____ |
| **WALMART, INC.** | MAGISTRATE JUDGE _____ |

**NOTICE OF REMOVAL AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, comes WALMART INC. ("Defendant"), a Delaware corporation, defendant in the above entitled cause, and appearing solely for the purpose of presenting this Notice of Removal of the above entitled cause to this Honorable Court under the provisions of 28 U.S.C. § 1441, *et seq.*, and reserving all rights, respectfully shows as follows:

1.

This suit was filed by plaintiff, BRENDA G. CLEVELAND, ("Plaintiff") in the Fourth Judicial District Court, Ouachita Parish, Louisiana, on the 26th day of February, 2021, in proceedings styled, *Brenda G. Cleveland v. WalMart, Inc.*, Docket No. 21-0536. An Answer was filed on behalf of defendant on April 15, 2021.

2.

Defendant alleges, upon information and belief, that plaintiff is a resident and domiciliary of Ouachita Parish, Louisiana.

3.

This action is of a civil nature at law.

4.

At the time plaintiff's Petition was filed, defendant WALMART INC. was and is now a Delaware corporation with its principal place of business in the State of Arkansas.

5.

The defendant is diverse from plaintiff.

6.

In her Petition for Damages, plaintiff alleges that she slipped and fell at the Walmart located at 2701 Louisville Ave., Monroe, Louisiana, 71201.

7.

Plaintiff alleges that due to the accident she suffered injuries to her lower back, legs, and left arm, as well as past, present, and future: physical pain, mental anguish, physical impairment, inconvenience, and loss of wages and earning capacity.

8.

Defendant avers, however, that such allegations do not indicate the severity of plaintiff's true injuries. Moreover, plaintiff did not allege any amount of medical bills incurred or needed for any surgery.

9.

Consistent with Louisiana law, plaintiff does not allege any specific monetary amount for the value of the claims made in her Petition. Nothing on the face of plaintiff's petition in state court suggested the value of her claims exceeded $75,000.00.

10.

On or about November 15, 2021, defendant received a settlement offer, medical bills, and records from plaintiff concerning plaintiff's alleged costs incurred for her medical treatment. As a result of the accident, plaintiff offered to settle the matter for $250,000.00 plus specials.

11.

The amount in controversy in this suit now exceeds the jurisdictional threshold of $75,000.00. **(A copy of the settlement offer letter is attached hereto as Exhibit B).**

12.

Louisiana district courts have considered settlement demands as "valuable evidence" in determining the amount in controversy. *Ford v. State Farm Automobile Ins. Co.*, 2009 WL 790150 (M.D. La.); *Lonon v. Prieto*, 2000 WL 913808 (E.D. La.). Further, the "Fifth Circuit Court of Appeals has definitively held that a settlement demand letter may be considered an "other paper" which commences the running of the period for filing a notice of removal under 28 U.S.C. § 1446(b)…" *Ford*, at Footnote 6.

13.

The receipt of plaintiff's settlement offer on or about November 15, 2021, constitutes defendant's first notice that the case was removable and defendant files this notice within thirty (30) days of that event.

14.

Pursuant to 28 U.S.C. § 1446(B)(3), this Notice of Removal is timely as it is filed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of … other paper from which it may first be ascertained that the case is one which is or has become removable."

15.

This Court has jurisdiction of this cause of action under 28 USC § 1332.

16.

The proper court for removal is the United States District Court for the Western District of Louisiana, Monroe Division.

17.

Defendants file as **Exhibit A** herewith copies of the state court pleadings previously filed in the district court, which consists of the following:

(1)   Plaintiff's Petition for Damages and Jury Trial (Exhibit A-1)

(2)   Citation to Walmart of the Plaintiff's Petition (Exhibit A-2)

(3)   Defendant's Answer to Petition for Damages and Jury Demand (Exhibit A-3)

(4)   Defendant's Request for Notice (Exhibit A-4)

18.

Defendant further shows unto the Court that immediately upon the filing of this Notice of Removal, a copy of same shall be served upon all adverse parties and a copy filed with the Clerk of the First Judicial District Court, Caddo Parish, Louisiana, all in accordance with 28 USC § 1446(d).

19.

Defendant is entitled to and requests a trial by jury in this matter.

Respectfully submitted,


BLANCHARD, WALKER, O'QUIN & ROBERTS
    (A Professional Law Corporation)

By: /s/ Charles Taunton Melville
      Charles Taunton Melville, La. Bar No. 33275
700 Regions Bank Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967
Email: tmelville@bwor.com

*Attorneys for Defendant, WALMART INC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has this date been served upon the following by placing same in the United States Mail postage paid and/or email or hand-delivery:

Honorable Mike Spence
Caddo Parish Clerk of Court
501 Texas Street
Room 103
Shreveport, LA 71101

James E. Ross, Jr.
Ross Law Firm
602 North 5th Street
Post Office Box 601
Monroe, Louisiana 71210-0601
Telephone: (318) 322-8776
Facsimile: (318) 322-1860
Email: dingross@bellsouth.net
*Attorney for Plaintiff*

Shreveport, Louisiana, this 10th day of December, 2021.

                                              /s/ Charles Taunton Melville
                                                               OF COUNSEL