Ouachita Parish
Filed Apr 16, 2021 2:25 PM
Brittnie Cervantes
Deputy Clerk of Court
FAX Received Apr 15, 2021

C-20210536
CV3

| | |
|---|---|
| BRENDA G. CLEVELAND | NUMBER: 21-0536 |
| VERSUS | 4TH JUDICIAL DISTRICT COURT |
| WALMART, INC. | OUACHITA PARISH, LOUISIANA |

## ANSWER TO PETITION

NOW INTO COURT, through undersigned counsel, comes defendant, WALMART INC. ("Defendant") who in response to the allegations of the Petition for Damages ("Petition") filed by plaintiff, BRENDA G. CLEVELAND ("Plaintiff"), avers as follows:

### EXCEPTION

Defendant pleads the exception of "Vagueness or ambiguity of the petition", pursuant to La. Code of Civil Procedure Article 926(5), as the Petition does not specify the location of the Walmart store where the incident at issue allegedly took place.

### ANSWER

AND NOW, without waiving the foregoing exception, Defendant responds to the allegations in the Petition and denies each and every allegation contained therein, except as specifically admitted hereinafter. And now, responding to the separately numbered allegations of the Petition, Defendant responds as follows:

1.

Defendant admits that WALMART INC. is named as a defendant herein.

2.

The allegations of paragraph 2 are denied.

3.

The allegations of paragraph 3 are denied for lack of sufficient information to justify a belief therein.

Exhibit A-3

4.

The allegations of paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraph 5 are denied.

6.

The allegations of paragraph 6 are denied.

7.

The allegations of paragraph 7 are denied.

8.

The allegations of paragraph 8 are denied.

9.

The allegations of paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of paragraph 10 are denied.

11.

The allegations of paragraph 11, and all of its subparts, are denied.

12.

The allegations of paragraph 12, and all of its subparts, are denied.

13.

The allegations of paragraph 13 are denied for lack of sufficient information to justify a belief therein.

IN FURTHER ANSWERING, Defendant affirmatively pleads as follows:

14.

Defendant affirmatively pleads the fault of Plaintiff as the sole cause of the damages complained of by Plaintiff. Plaintiff failed to keep a proper lookout and to observe her surroundings, and to exercise reasonable care for the safety and protection of her own person.

15.

In the alternative, Defendant affirmatively pleads the comparative fault of Plaintiff, or of third persons. To the extent any fault is allocated to Plaintiff, or third persons, any damages awarded against Defendants, the right to which is denied, should be totally barred, or reduced in proportion to the fault of Plaintiff or third persons.

16.

Defendant affirmatively pleads the fault of third persons for whom Defendants are not responsible and whose fault may have caused or contributed to the damages Plaintiff claims to have suffered.

17.

Defendant affirmatively pleads Plaintiff's failure to mitigate her damages.

18.

Defendant alleges, without admitting any liability whatsoever, that any acts or omissions of Defendant were superseded by the acts or omissions of others, including those of Plaintiff, or third persons, all of which were independent, intervening and superseding causes of all alleged injury, damage or loss.

19.

To the extent that any risk, if any, alleged by Plaintiff was open and obvious, the Defendant is not liable.

20.

Subject to further investigation and discovery, Plaintiff's claims may have prescribed under applicable statutes of limitation.

21.

Defendant shows that if any of the medical expenses claimed by Plaintiff in this case have been paid pursuant to Medicare and/or Medicaid, then pursuant to 42 U.S.C. § 1395(v)(b)(B)(ii)(b)(a) and La. R.S. 46:153(E), Plaintiff has no cause of action for recovery of any such medicals paid by Medicare and/or Medicaid as the acceptance of payment by or on behalf of Plaintiff constitutes a complete assignment of rights to said entities for recovery of those benefits.

22.

Defendant shows that it is entitled to a credit for any medical expenses discounted or marked down by any provider pursuant to an agreement with Plaintiff or Plaintiff's counsel and with regard to any mark down or discount resulting from health insurance payments or pursuant to a health insurance contract under the Balanced Billing Act, La. R.S. 22:1874.

23.

Defendant is entitled to a reduction in the amount for which it may be held liable in judgment in accordance with the degree or percentage of fault and/or negligence attributable to Plaintiff, or to any and all other persons and legal entities, including those which may be or are released by settlement, bankruptcy, or otherwise, all in accordance with the laws of indemnity, comparative negligence, subrogation, and/or contribution.

24.

Defendant shows that it is entitled to a credit for any medical expenses discounted or marked down by any healthcare provider who paid such expenses on behalf of or to Plaintiff pursuant to the Louisiana Workers' Compensation Act.

Exhibit A-3

25.

Defendant reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

26.

Defendant further requests a jury trial as to all issues triable by a jury.

WHEREFORE, Defendant, WALMART INC. respectfully prays that the above and foregoing Answer be deemed good and sufficient; and that following due proceedings had, there be judgment herein in favor of Defendant and against Plaintiff, rejecting and dismissing the claims and demands of the Plaintiff at Plaintiff's cost.

DEFENDANT FURTHER PRAYS for all general and equitable relief.

DEFENDANT FURTHER PRAYS for a jury trial as to all issues triable by a jury.

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)

By: _____
Taunton Melville, La. Bar No. 33275
700 Regions Bank Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967
tmelville@bwor.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing *Answer to Petition* has this date been served upon the following parties by placing same in the United States Mail, postage paid, and by facsimile to:

James E. Ross, Jr.
ROSS LAW FIRM
Post Office Box 1295
Monroe, Louisiana 71210-1295
Facsimile: (318) 322-1860

Shreveport, Louisiana, this 15 day of April, 2021.

_____
OF COUNSEL

Exhibit A-3