## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**BRENDA G CLEVELAND**  CASE NO. 3:21-CV-04260

**VERSUS**  JUDGE TERRY A. DOUGHTY

**WALMART INC**  MAG. JUDGE KAYLA D. MCCLUSKY

### RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 16] filed by Defendant Wal-Mart, Inc. and Wal-Mart Louisiana, LLC (collectively "Defendants" or "Wal-Mart").

The Motion is unopposed.

For the following reasons, the Motion for Summary Judgment [Doc. No. 16] is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

This claim arises out of an incident that occurred in a Wal-Mart store located at 2701 Louisville Avenue in Monroe, Louisiana.[1] Plaintiff Brenda G. Cleveland ("Cleveland") contends that she slipped and fell due to a substance on the floor, and that the incident was the fault of Wal-Mart. Cleveland alleges that Wal-Mart is at fault for the following reasons:

> A) Failure to maintain a reasonable inspection of the floor;
>
> B) Failure to post wet or slippery floor signs over the area where the floor [sic]; and
>
> C) Creating an unreasonable dangerous condition or risk of harm by not mopping up water or wax that was on the floor where it was reasonably foreseeable to cause harm.[2]

---

[1] [Doc. No. 1, ¶ 6]
[2] [Doc. Nos. 1, ¶ 11, 16-4, pp. 2-3]

Cleveland originally filed suit in state court, and the case was removed to this Court on December 10, 2021.

The incident is described as such. On February 29, 2020, while shopping at the Wal-Mart store at issue, Cleveland alleges that she slipped and fell in a substance on the floor while walking near the garden area of the store.[3] She did not see the substance in which she allegedly slipped and fell, and did not know what the substance was, but described the floor as "glowing" as if it had recently been waxed.[4] Cleveland spoke with Wal-Mart employees after the accident, but none of them indicated that they had any knowledge of a substance on the floor prior to the accident.[5] After speaking with employees, Cleveland identified her slip and fall in the video surveillance of the accident.[6]

After the accident, Cleveland spoke with assistant manager Keswuana Henderson ("Henderson"). Henderson responded to the accident, inspected the area of the fall, and secured relevant video footage.[7] During her inspection of the floor, Henderson did not see any substance or trail of any substance.[8] Henderson spoke with the Wal-Mart maintenance employees after the accident. They were also not aware of any substance on the floor prior to the accident, and Henderson was not aware of any Wal-Mart employees who were aware of any substance on the floor prior to the accident.[9] Henderson took five (5) photos of the floor when she arrived on the scene of the accident.[10]

---

[3] [Doc. No. 16-4 (Deposition of Brenda Cleveland)]
[4] [Id. pp 3-4]
[5] [Id., pp 7-14]
[6] [Id.]
[7] [Doc. No. 16-5 (Affidavit of Keswuana Henderson), ¶¶ 5, 10]
[8] [Id. ¶ 5]
[9] [Id. ¶ 8]
[10] [Id. ¶ 9]

Cleveland asserts that she has suffered the following damages as a result of her injuries: medical expenses (past, present, and future); physical pain (past, present, and future); mental anguish (past, present, and future); physical impairment (past, present, and future); inconvenience (past, present, and future); and loss of wages and earning capacity.[11] She also alleges that Defendants are vicariously liable for the negligence of its employees who failed to mop up the slippery substance and failed to inspect the area in which she fell.[12]

The issues have been briefed and the Court is prepared to issue a ruling.

## II. LAW AND ANALYSIS

### A. Summary Judgement

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

---

[11] [Doc. No. 1-2, ¶ 12]
[12] [Id. ¶ 10]

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at *5–6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also*: UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

### A. Louisiana Revised Statute 9:2800.6

Louisiana Revised Statute 9:2800.6 sets out the burden of proof for persons bringing negligence claims against merchants for falls on their premises. *Hernandez v. Nat'l Tea, Inc.*, 98-950 (La. App. 5 Cir. 5/19/99), 734 So. 2d 958. The statute states in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.

        This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B.    In a negligence claim brought against the merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of this cause of action, all of the following:

1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3. The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C.    Definitions:

"Constructive notice" means the claimant has proven the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists, does not alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise or reasonable care should have known, of the condition.

In summary, La. R.S. 9:2800.6 provides that the plaintiff has the burden of proving, in addition to all other elements of the cause of action, that the merchant either (1) created the condition that caused the occurrence, or (2) had actual or constructive notice of the condition prior to the occurrence and failed to exercise reasonable care. The statute goes on to define constructive notice and explains that in order for a claimant to prove constructive notice, a claimant must show that the condition existed for "such a period of time" that it would have been discovered if the merchant had exercised reasonable care.

Louisiana courts will not infer constructive notice without a positive showing by a plaintiff that the condition existed for some time before the fall such that it would have been discovered had the defendant exercised reasonable care. *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084; *Kennedy v. Wal-Mart Stores, Inc.*, 1998-1939 (La. 4/13/99), 733 So.2d 1188, 1190; *Howard v. Family Dollar Store #5006*, 40,282 (La. App. 2 Cir. 10/26/05), 914 So.2d 118, 121. The defendant need not make a positive showing that the complained of condition did not exist prior to the fall. *Campo v. Winn Dixie Louisiana, Inc.*, 02-47 (La. App. 5 Cir. 5/15/02), 821 So.2d 94, 99. A plaintiff's failure to prove any of these factors is fatal to their claim. *Calderone v. Dorignac's Food Center, Inc.*, 99-3 (La. App. 5 Cir. 4/27/99), 734 So.2d 152, 153. The Louisiana Supreme Court requires that plaintiffs "come forward with positive evidence showing that the damage causing condition existed for some period of time," and show "that such time was sufficient to place the merchant defendant on notice of its existence" in order to satisfy the two-prong analysis of La R.S. 9:2800.6. *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1082.

    **i.**     **Actual or Constructive Notice and the Temporal Element**

Cleveland must establish not only the existence of the substance on the floor that caused her to slip, but also that Wal-Mart either created the condition or had actual or sufficient constructive notice that it existed. She cannot meet this burden.

In *White v. Wal-Mart Louisiana, LLC*, 2018 WL 3463282, * 3 (W.D. 2018), the plaintiff argued that she had shown defendant's constructive notice of grapes on the floor where she slipped and fell because she testified at her deposition that the grapes were dirty and smashed. The court rejected the argument. It reasoned that even if the court were to assume that someone else had smashed the grapes, there was still no evidence to show how long the grapes had been

on the floor prior to the accident. Accordingly, the court found that the plaintiff "failed to produce factual support sufficient to establish that the condition existed for some period of time prior to the accident sufficient to give rise to constructive notice," and granted summary judgment in favor of the defendant. *Id*.

Here, Cleveland has not presented any positive evidence that Wal-Mart created the condition, had actual notice of it, or that the condition existed for some period of time prior to the accident to give rise to constructive notice. Plaintiff merely alleges that the defendant, through its employees, "were well aware that the floor was slippery, but failed to warn of the danger [,]" and that the employees "failed to make sure that the floor was properly maintained."[13] No employee spoken to by Henderson or Cleveland indicated that they were aware of a slippery substance on the floor, much less how long the condition had existed. Even assuming Cleveland did slip on a recently waxed, wet, or otherwise hazardous floor, she has asserted nothing beyond mere speculation as to how long the substance was on the floor. The Court finds that Cleveland has failed to establish a genuine issue of fact for trial as to causation, actual notice, or constructive notice. Accordingly, Defendants are entitled to judgment as a matter of law dismissing Cleveland's claims.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 16] is **GRANTED.** Cleveland's claims are hereby **DISMISSED WITH PREJUDICE.**

**MONROE, LOUISIANA,** this 28th day of October 2022.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**

---

[13] [Doc. No. 1-2, ¶¶ 6, 7]